

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-17,258-09

**EX PARTE ALLEN PAUL JONES, Applicant**

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 433903-H
### IN THE 351ST JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per Curiam.*

# O R D E R

This is an application for a writ of habeas corpus which was transmitted to this Court by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to forty years imprisonment. Applicant's conviction was affirmed by the Fourteenth Court of Appeals. *Jones v. State*, No. 14-86-00258-CR (Tex. App.—Houston[14th] 1987, pet. ref'd).

In the instant application, Applicant contends that: (1) requiring him to wear an electronic monitor as a condition of his 2014 supervised release violated the Ex Post Facto Clause; (2) requiring him to serve half of his sentence before considering him for supervised release is unconstitutional; and (3) classifying his conviction as a "3g" offense unconstitutionally and adversely affects his release eligibility.

This Court has reviewed Applicant's claim concerning the electronic monitor requirement and has determined that it is without merit. Therefore, it is denied. Applicant's claims concerning his eligibility for supervised release are dismissed. TEX. CODE CRIM. PROC. art. 11.07 § 4.

DO NOT PUBLISH
DELIVERED: **May 15, 2019**